UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

JOHN FRANCIS LECHNER,
        Plaintiff,                            Case No. 2:14-cv-121
v.                                                  Honorable R. Allan Edgar

COUNTY OF CHIPPEWA, *et al.*,
        Defendants.
_____/

## OPINION & ORDER

        This is a prisoner civil rights action brought by a federal prisoner against Defendants County of Chippewa; Sheriff Robert Savoie; Deputy Sheriff Douglas Mitchell; Deputy Sheriff Jeffrey Erickson; Prosecutor Brian Peppler; and Plaintiff's ex-wife, Robin Lechner. Plaintiff's claims stem from challenges to his underlying convictions. (2:11-cr-49). In addition, he alleges a number of state law claims against some of the defendants. Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss a case *at any time* if the court determines that the action is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); 42 U.S.C. § 1997e(c). Upon review of Plaintiff's complaint this Court concludes that the action must be dismissed for failure to state a claim upon which relief can be granted.

        Regardless of how Plaintiff's claims involving his prior convictions are couched they effectively challenge the validity of the conviction and thus are subject to dismissal. A prisoner's § 1983 claim that challenges the fact or duration of his confinement must be dismissed regardless of whether he seeks injunctive or monetary relief. *Heck v. Humphrey*, 512 U.S. 477, 489–90. Pursuant to *Heck*, a damages claim arising out of the same challenge, which is cognizable under Section 1983, does not accrue until Plaintiff has had the conviction reversed or set aside. Proof of the illegality of a conviction is a necessary element of the Section 1983 cause of action. Unless a conviction has been reversed, there has been no injury of constitutional proportions, and thus no Section 1983 suit may exist. *Heck*, 512 U.S. at 482-83; *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995). Since Plaintiff has not yet established the invalidity of the conviction in the federal or state courts, or in a federal habeas action, his related Section 1983 claim for

damages has not yet accrued. Accordingly, it is appropriate to dismiss these claims as premature.

To the extent that any state law claims remain, this Court declines to exercise supplemental jurisdiction of over those claims. 28 U.S.C. § 1367(c)(3). The district court can exercise jurisdiction over the residual state law claims, but the decision to decline or exercise jurisdiction is purely discretionary. *See Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); *Osborn v. Haley*, 549 U.S. 225, 245 (2007); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Ordinarily, if the federal claims are dismissed prior to trial, the state claims should be dismissed as well. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 727 (1966); *Williams v. City of River Rouge*, 909 F.2d 151, 157 (6th Cir. 1990). Accordingly, all state law claims shall be dismissed.

## CONCLUSION

For the reasons stated above, this Court concludes that the case will be dismissed with prejudice for failure to state a claim upon which relief can be granted. (Docket # 3). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

An Order consistent with this Opinion will be entered.

**SO ORDERED**.


Dated:      6/29/2015              */s/ R. Allan Edgar*
                                   R. Allan Edgar
                                   United States District Court Judge